MARÍA JOSEFA IPARRAGUIRRE, Plaintiff and Appellee, *v.* SALVADOR R. NIN RUIZ ET AL., Defendants, and MARÍA DE LOS ANGELES NIN RUIZ, Defendant and Appellant.

No. 7973. Argued December 13, 1940.—Decided December 16, 1940.

*E. Soldevila* for appellant. *Dubón & Ochoteco* and *Otero Suro & Otero Suro* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

To secure a debt of the defendants Nin Ruiz amounting to $6,500, interest thereon at the rate of 10 per cent per annum, and an additional sum of $650 for costs and attorney's fees, said defendants, together with the codefendant Juana Nin Martínez, constituted a mortgage in favor of the plaintiff, on a property belonging to the first-named defendants and on a mortgage credit owned by the other defendant, respectively. Said mortgage was constituted by deed No. 19, of December 19, 1931, which was executed before Notary Juan de Guzmán Benítez, and which contained among others the condition that the amount of the indebtedness was to be paid at the expiration of three years, counted from October 1, 1931.

On January 12, 1938, after the loan had become due by reason of the expiration of the full period of three years within which it was to be repaid, the plaintiff filed the complaint in this case which she entitled "to collect a mortgage."

There were alleged in the complaint the origin and existence of the debt, the amount of the interest due, the fact that a mortgage had been constituted to secure the debt, and the unsuccessful efforts made by the plaintiff through her attorney in fact to collect the same, and the prayer with which the complaint ended textually reads as follows:

"Wherefore, we pray that the court in due course render judgment directing the defendants Salvador R., Dolores, José, María de los Angeles, Milagros, and Aurora Nin Ruiz and Juana Nin Martínez, jointly and severally (*solidariamente*), to pay to the plaintiff the sum of $6,500 as principal, $425.20 as accrued and unpaid interest at the rate of 10 per cent per annum from May 30, 1937 to December 31, 1937, and $650 agreed and stipulated for the payment of the costs, expenses, and attorney's fees."

María de los Angeles Nin Ruiz answered the complaint. She set up a general denial, and by way of defense she interposed a demurrer for lack of facts sufficient to constitute a cause of action. The other defendants failed to appear, and their default was duly noted.

After the case had been set for trial on the general calendar, the defendants failed to appear at the trial which was held on the day set. The plaintiff called the witness Anselmo Soroeta who testified as to the correctness, existence, and nonpayment of the claim sought to be enforced and as to the steps taken by him to collect the same. There was also introduced, as supplementary evidence, the mortgage deed. Upon that evidence, the lower court rendered judgment against all the defendants, adjudging them to pay jointly and severally to the plaintiff the sum of $6,500 as principal, $1,128.35 as interest due from May 30, 1937, to January 31, 1939, and to become due from the latter date, at the rate of 10 per cent per annum, plus $650 stipulated for costs and attorney's fees.

From that judgment only the defendant María de los Angeles Nin Ruiz appealed. Her codefendants consented to the same.

■■ As the plaintiff-appellee has moved for a dismissal of the appeal for want of jurisdiction, urging that the defendants have not been served with notice of the appeal, and as such motion was submitted to us jointly with the appeal on the merits, we will first consider the former.

Section 296 of the Code of Civil Procedure, 1933 ed., provides that the notice of appeal must be served on the adverse party, or his attorney. Are the codefendants who have not been served with notice of the appeal adverse or opposite parties in relation to the appellant? Undoubtedly not, for the interest of the latter and of the former is identical. If the judgment were reversed, they would be benefited thereby, and if it were affirmed, their status would be the same as existed before the filing of the appeal. Whatever the fate of this appeal, said codefendants would not be prejudiced in any way. Their interest is not adverse to that of the appellant. Therefore, they can not be regarded as adverse parties entitled to be served with notice of the appeal. See, *Olivera* v. *González,* 52 P.R.R. 853, wherein a summary of the decisions on the subject is set forth, and by way of illustration, the more recent case of *Montero* v. *Santoni,* 55 P.R.R. 689, 694.

In virtue of the foregoing, the motion to dismiss must be denied.

■ Let us now turn to the merits of the appeal.

Three of the five errors assigned by the appellant are based on a mistaken view of the nature of the action brought in this case. Counsel for the appellant thinks that the action brought is a real action to collect a mortgage, and hence he maintains that the judgment is erroneous because it fails to direct that the mortgaged property be sold at public auction, to apportion the mortgage liability of each immovable, to fix a minimum bid for the auction, and because of the failure to allege that the defendants are the present owners of the mortgaged property. We have made a summary of the complaint and copied literally its prayer, and neither in the

one nor in the other is there any request made for the sale of the mortgaged property in order to apply the principal thereof to the payment of the judgment. Without this request, a *sine qua non* of a real mortgage action, it is clear that a personal action for a money judgment is involved. *Trueba et al* v. *Rosales & Co. et al.*, 33 P.R.R. 986, 990. The nature of the action is not affected by the fact that in the caption of the complaint the same has been characterized as an action "to collect a mortgage" (*acción en cobro de hipoteca*), since it is not the title of the complaint, but the allegations thereof which determine the character of the action brought. Nor is it affected by the fact that at the close of the evidence of the plaintiff, counsel for the latter, addressing the court, requested it to render judgment directing the sale at public auction of the property the object of the claim, for that request did not operate to amend the complaint, especially as the court refused to grant the same.

The appellant complains that the codefendant Juana Nin Martínez was adjudged to pay jointly and severally with the other codefendants the total amount of the judgment, when as a matter of fact she had not constituted herself into a solidary surety. We have already stated that Doña Juana Nin Martínez failed to appeal from that judgment. Therefore, even conceding that the error exists, the same can not serve as a ground for reversal, for it does not prejudice the interest of the appellant in any way. Section 142 of the Code of Civil Procedure, 1933 ed.

Finally the appellant urges that the amount of the award for attorney's fees is excessive. The judgment granted on that account precisely the sum which the contracting parties, including the appellant, expressly agreed in the deed of December 19, 1931, already mentioned, and that agreement is binding on the appellant, since the contract is the law between the parties.

For the reasons stated the appeal must be overruled and the judgment appealed from affirmed.